UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEREMY KARG, MATTHEW R. LAMARCHE, AND SHIRLEY RHODES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSAMERICA CORPORATION; TRUSTEES OF THE AEGON USA, INC. PROFIT SHARING TRUST; and DOES 1–40,<br><br>Defendants. | Case No.: 1:18-cv-00134-CJW-KEM<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. C.J. Williams<br>Magistrate: Hon. Kelly Mahoney<br><br>ORAL ARGUMENT REQUESTED |

Defendants Transamerica Corporation and Trustees of the Aegon USA, Inc. Profit Sharing Trust (together, "Defendants") move to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The independent grounds for this motion are as follows:

1. As class members in *Dennard v. Transamerica Corp.*, No. 15-0030 (N.D. Iowa) ("*Dennard*"), a prior ERISA class action involving Defendants' in-house 401(k) plan, Plaintiffs were parties to the *Dennard* Settlement Agreement and its Release, received a portion of the *Dennard* settlement distribution, and are subject to the *Dennard* judgment. Accordingly, *Dennard* bars Plaintiffs' claims for two independent reasons. First, Plaintiffs' Release bars their claims because the conduct they challenge here – the offering in Defendants' in-house 401(k) plan of investment options affiliated with Transamerica Corporation – is identical in all relevant respects to the conduct challenged in *Dennard*, and the Release covers all claims "arising out of or related to" the conduct at issue in *Dennard*. Second, the *Dennard* judgment operates to bar

1

Plaintiffs' claims by *res judicata* because the *Dennard* court had proper jurisdiction, the court-approved settlement and resulting dismissal with prejudice in *Dennard* constituted a final judgment on the merits for purposes of *res judicata*, and Plaintiffs' claims against Defendants arise from the same nucleus of operative facts at issue in *Dennard*.

2. Count I of the Amended Complaint for "Breach of the Duty of Prudence by Failing to Remove Imprudent Investment Options from the Plan During the Class Period (Violation of ERISA, 29 U.S.C. § 1104 (a)(1)(B))" is meritless because the Amended Complaint does not permit a plausible inference that Defendants breached their duty of prudence. First, numerous authorities hold that, under ERISA § 404(a)(1)(B), there is nothing per se imprudent about offering affiliated investment options in a financial service company's in-house retirement plan. Second, controlling law requires that a breach of the duty of prudence under ERISA § 404(a)(1)(B) be based on factual allegations that ERISA fiduciaries have an imprudent process for selecting, monitoring, and retaining plan funds – but Plaintiffs here expressly disclaim any knowledge of Defendants' fiduciary decision-making process. Third, under controlling law, Plaintiffs' allegations that certain affiliated investment options underperformed in comparison to a handful of identified alternatives are insufficient to state a claim under ERISA § 404(a)(1)(B).

3. Count I is also time-barred under ERISA's three-year statute of limitations, as the claim is premised on alleged fund underperformance beginning before 2013, well outside of the limitations period (which goes back to December 28, 2015). Contemporaneous, judicially noticeable disclosures sent to all Plan participants detailed the funds' performance, and such documents establish the requisite "actual knowledge" for purposes of ERISA's three-year statute of limitations.

4. Count II of the Amended Complaint for "Failure to Monitor Fiduciaries" likewise fails, for two independent reasons. First, because Plaintiffs lack any plausible claim for breach of the duty of prudence under ERISA § 404(a)(1)(B), they cannot state a derivative claim for Defendants' breach of the duty to monitor. Second, Plaintiffs have failed to allege any independent facts supporting their failure-to-monitor claim.

For each of these reasons, and as set forth more fully in the accompanying memorandum, the Court should grant Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

Defendants respectfully request oral argument on this motion, given the complexity of the issues addressed in the motion, and because the motion is dispositive of Plaintiffs' Amended Complaint. The hearing will be limited to argument by counsel.

Dated: March 18, 2019

Respectfully submitted,

By: /s/ Wilford H. Stone

Wilford H. Stone
LYNCH DALLAS, P.C.
526 Second Avenue SE
Cedar Rapids, Iowa 52401
Telephone: (319) 365-9101
Facsimile: (319) 365-9512
E-mail: wstone@lynchdallas.com

By: /s/ Catalina J. Vergara

Brian D. Boyle (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: bboyle@omm.com

Catalina J. Vergara (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: cvergara@omm.com

Randall W. Edwards (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

E-mail: redwards@omm.com

ATTORNEYS FOR DEFENDANTS
TRANSAMERICA CORPORATION
AND TRUSTEES OF THE AEGON
USA, INC. PROFIT SHARING TRUST