IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEREMY KARG, MATTHEW R. LAMARCHE, AND SHIRLEY RHODES, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TRANSAMERICA CORPORATION; TRUSTEES OF THE AEGON USA, INC. PROFIT SHARING TRUST; and DOES 1-40<br>　　　　　　　　　　Defendants. | CASE NO. 1:18-cv-00134-CJW-KEM<br><br>**REVISED STIPULATED ORDER GOVERNING THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

　　　　1.　　This Order specifies the form in which both parties and non-parties shall be required to produce Hard Copy Documents and Electronic Files for use in the above-captioned matter (the "Litigation"). This Order also memorializes the parties' agreement regarding non-waiver and clawback rights.

　　　　2.　　The production of Hard Copy Documents or Electronic Files in a manner consistent with the specifications set forth in this Order shall, absent exceptional circumstances, be sufficient to satisfy a Producing Party's obligation to produce its materials in reasonably useable form and as they are maintained in the ordinary course of business.

　　　　3.　　The requirements of this Order may be modified by written agreement of the parties (email sufficing) or upon further order of the Court for good cause shown.

4. This Order does not alter or expand the discovery obligations or rights of any party. All parties reserve all rights under the Federal Rules of Civil Procedure and the Federal Rules of Evidence for matters relating to the discovery and production of ESI.

## I. Definitions

A. "Producing Party" means a person or entity that produces Hard Copy Documents, Electronic Files, or other material in connection with this litigation in response to document requests, compulsory process, or voluntarily.

B. "Receiving Party" means a person or entity that receives Hard Copy Documents, Electronic Files, or other material from a Producing Party in connection with this litigation.

C. "Hard Copy Document" means a document that is maintained in hard copy or paper form.

D. "Electronic File" means a computer generated file that is maintained in electronic form in the usual course of business. Electronic Files include, but are not limited to, email (e.g., .msg), spreadsheet files (e.g., .xls files), slide presentation files (e.g., .ppt), word processing files (e.g., .doc files), image files (e.g., .pdf), and container files (e.g., .pst, .zip).

## II. Production Format Specifications

A. **General Form of Production**. Except as provided in Sections II.B, II.C, and II.I, all Electronic Files and Hard Copy Documents shall be produced as single-page, black and white, Group IV TIFF image files with the associated text and metadata specified in this Section II.A.

   1. **Image Requirements**. TIFF images files shall be of at least 300 dpi resolution. The page orientation (i.e., portrait or landscape) of a TIFF image file shall be the same as the underlying document from which the TIFF image is created. The page size of a TIFF image file shall be 8.5 x 11 inches

unless, in the reasonable judgment of the Producing Party, a particular document requires a different page size. Each TIFF image shall be branded with a Bates number that must: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) be sequential within a given document; and (4) include a prefix identifying the Producing Party followed by a single-dash. Where the Producing Party is a Plaintiff, the prefix affixed may be "PLF." Each TIFF image file shall be named with the same page-level Bates number branded on the underlying image.

        **2.** **Text Requirements**. All Electronic Files and Hard Copy Documents shall be produced with a corresponding multipage text file (i.e., one .TXT file per Electronic File or Hard Copy Document as opposed to one text file per page). The text file for an Electronic File shall be created by extracting text directly from the underlying native file, unless the Electronic File must be redacted prior to production, in which case the text file shall be generated by applying industry standard OCR technology to the redacted version of the Electronic File. The text file for Hard Copy Documents shall also be created using industry standard OCR technology. Each text file shall be named with the beginning Bates number of the Electronic File or Hard Copy Document to which the text file relates.

        **3.** **Metadata Requirements**. Electronic Files shall be produced with metadata specified in Exhibit A to this Order, unless such metadata contains information subject to the attorney client privilege or work product protection. Hard Copy Documents shall be produced with the metadata specified in Exhibit B to this Order.

    **B.** **When Native Production Required**. Unless redaction is necessary, the following types of Electronic Files shall be produced in native format, whether

they exist as attachments to emails, embedded files, or standalone files: (1) spreadsheet files such as Excel (including .csv and similar files); (2) Microsoft Access files; and (3) audio or video files such as .wav or .mpeg files. If redactions of spreadsheet files or slide presentation files are necessary, then the files may be produced in TIFF in accordance with Section II.A so long as the files are TIFFed in a manner that will yield production of all non-redacted content, including, as examples, speaker's notes, hidden rows and columns, and comments, and as long as the Producing Party provides all non-privileged metadata in a spreadsheet accompanying the TIFF images, or in such other manner as the Parties agree. If the parties encounter Access files or audio or video files containing privileged content, the parties shall meet and confer to determine a suitable manner of producing the non-privileged content contained in these files.

      **C.**    **When Native May Be Requested**. A party may also request that an Electronic File originally produced in TIFF pursuant to Section II.A be produced in native. A Producing Party shall honor such reasonable requests, for example where the TIFF version of the Electronic Document omits relevant, substantive content included in the native file or where the TIFF version suffers material, adverse formatting changes as a result of the conversion to TIFF, such as the loss of meaningful color distinctions.

      **D.**    **Production Specifications For Native Files**. When producing an Electronic File in native pursuant to Section II.B or II.C, a producing party shall:

      **1.**    Provide a corresponding single-page TIFF placeholder stating "Document Produced in Native." The placeholder shall be branded with a Bates number meeting the requirements of Section II.A.1.

      **2.**    Name the produced version of the electronic file with the Bates number affixed to the TIFF placeholder corresponding to the electronic file.

**3.** Provide the text and metadata, including the original file name of the underlying Electronic File, required under Section II.A of this Order.

**E. Load Files.** All productions of Electronic Files and Hard Copy Documents shall be accompanied with data load files and image load files. Each Producing Party shall provide data and image load files in a format that is reasonably necessary to allow a Receiving Party to load productions to the Receiving Party's document review or case management database.

**F. Family Relationships of Electronic Files.** Parent-child relationships between Electronic Files (e.g., the association between an attachment and its parent e-mail), must be preserved by assigning sequential Bates numbers to all files within a parent-child group, and by providing accurate attachment ranges for those files in the metadata fields required by Exhibit A.

**G. Scanning and Unitization Requirements for Hard Copy Documents.** The parties agree to use reasonable efforts to ensure that hard copy documents are unitized such that: (1) multiple, distinct documents are not merged into a document range; and (2) distinct documents are not split into multiple document ranges. The parties also agree to use reasonable efforts to maintain the family relationships of hard copy documents by scanning and Bates numbering those documents in sequential order. This provision does not obligate any party to produce documents in a manner other than in which those documents were kept in the ordinary course of business.

**H. Enterprise Level Databases.** This Order does not govern the manner in which information maintained in enterprise level databases must be produced. The parties shall meet and confer, as necessary, regarding the production format of information maintained in such databases.

**I. Preservation of Metadata.** The parties shall use industry standard technology and processes to preserve the metadata required to be produced for

Electronic Files under Section II.A.3 of this Order. However, the parties also acknowledge that in some circumstances it may be more efficient to collect Electronic Files informally, such as by making a simple electronic copy of a file discovered during the course of a witness interview. Accordingly, a party may collect and produce no more than two hundred and fifty (250) Electronic Files total (across all its productions) utilizing informal collection methods even though such collection method may alter certain aspects of those files' metadata as they exist at the time of collection (e.g., created date, file path) only if the special circumstances described above are present that warrant the deviation from Section II.A.3 of this Order. If the original metadata of these files becomes of material importance during the course of the litigation, the parties shall meet and confer regarding how to address that issue and promptly raise any disputes that cannot be resolved with the court. Nothing in this Order is intended to permit a party to convert a file that is ordinarily maintained as an Electronic File to a Hard Copy Document for production in this litigation.

      **J.**    **Placeholders for Wholly Privileged Family Members**. If a party withholds a wholly privileged Electronic File that is part of a family group containing responsive Electronic Files that are not wholly privileged, the party shall produce a placeholder TIFF image for the privileged Electronic File in lieu of producing the privileged file. For Electronic Files withheld as privileged, the placeholder shall state: "Document Withheld as Privileged." Placeholder images shall also be branded with a Bates number meeting the requirements of Section II.A.1. The metadata fields set forth in Exhibit B shall populated for files withheld pursuant to this Section II.J. If a Producing Party, for any reason, subsequently produces an Electronic File withheld and place-holdered pursuant to this Section II.J, the party shall produce that Electronic File pursuant to the production format specifications of this Order that would have been applicable to

the Electronic File had it been produced initially as opposed to place-holdered, except that the producing party shall apply an appropriate numerical suffix to the Bates number of the file to account for instances where the produced version of the file occupies more pages than the original placeholder image for the file.

**K.** **Error Files**. If a responsive Electronic File otherwise subject to production in TIFF under this Order cannot be converted to TIFF without error due to corruption, password protection, or some other issue, the Electronic File shall be produced in native pursuant to the requirements of Sections II.B and II.D.

**L.** **Production of Container Files**. The parties need not produce container files (e.g., .zip) so long as the responsive contents of those files are produced in accordance with the specifications of this Order.

**M.** **Hidden Text and Track Changes**. Unless redactions are necessary to remove privileged material, Electronic Files produced in TIFF shall be produced so that hidden text and track changes are showing and reflected in both the image and text files.

**N.** **De-duplication**: A party may use industry standard technology to remove exact duplicates (based on MD5 Hash Values) from its production of Electronic Files so long as all custodians who possessed copies of a given file and for whom a Producing Party has agreed or is obligated to produce documents are identified in the relevant metadata fields. Electronic Files and attachments may only be de-duplicated on message unit or family basis. A party may also use industry standard message threading technology to remove email messages where the content of those messages, and any attachments, are wholly contained within a later email message. Upon request of a Receiving Party, a Producing Party shall identify the technology it is using to deduplicate or thread its document production.

### III. Method of Production

    **A.** A party shall produce its Electronic Files and/or Hard Copy Documents via secure FTP, as a password protected email attachment, or on electronic storage media such as CDs, DVDs, or USB hard drives. Each piece of electronic storage media shall be assigned a sequential volume number that identifies the party to whom the volume is attributable (e.g., TLIC001).

    **B.** A party shall accompany each production of Electronic Files and/or Hard Copy Documents with a cover letter specifying: (1) the volume or volumes comprising the production; and (2) the Bates range or ranges of the materials being provided on each volume and whether those Bates ranges contain any known gaps.

### IV. Non-waiver and Clawback Provision

    **A**. **No Fault Non-Waiver Provision**. Pursuant to Fed. R. Evid. 502(d), the production or disclosure of information containing material subject to a claim of attorney-client privilege or work product protection shall not constitute a waiver of the attorney-client privilege or work product protection applicable to such material, in this or any other proceeding, unless (a) the production or disclosure was made with the expressed intent by the producing party to waive the attorney-client privilege or work product protection or (b) the party making the production or disclosure has affirmatively used or relied on the specific material that is subject to the claim of attorney-client privilege or work product protection.

    **B**. **Clawback Procedures**. When a Producing Party gives notice to a Receiving Party that a Hard Copy Document or Electronic File subject to a claim of privilege or other protection has been inadvertently produced, the obligations of the receiving party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

### V. Search Methodology

    The parties agree to the following procedures concerning the search of electronically stored information (ESI).

**A.     Timeframe.** The "Relevant Period" for which ESI will be reviewed and produced shall be determined by the time parameters set forth in requests for the production of documents. The foregoing does not constitute a waiver of any party's right to object to the time parameters set forth in any request for the production of documents.

**B.     Custodians.** The parties agree to meet and confer to identify custodians from whom ESI potentially responsive to requests for production shall be collected.

**C.     Data Sources**. The parties agree to meet and confer to identify custodial data sources and any non-custodial data sources which may contain potentially responsive ESI. Upon producing search results, the producing party will identify the data sources that were searched; if the other party contends additional data sources should be searched, the parties shall address the dispute pursuant to Paragraph V(F) below.

**D.     Boolean Keyword Searches**. If Boolean keyword searches are to be performed by a Producing Party, the parties will meet and confer concerning proposed search criteria (e.g., "search terms"), and thereafter the Producing Party shall run the search terms. If the Producing Party contends that the Receiving Party's proposed search term or an agreed-upon search term will yield an unreasonable amount of documents to review, then the parties shall meet and confer in good faith regarding the search term at issues, and in connection with the parties' efforts to meet and confer, upon request of the Receiving Party, the Producing Party shall produce a search term hit report. The parties will meet and confer at that time regarding the information the search term hit reports will include.

**E.     Predictive Coding or TAR.** The parties agree to meet and confer in good faith regarding the use of predictive coding or TAR.

**F. Issue Resolution.** The parties agree to meet and confer regarding issues either party raises concerning the identification, review, and production process within 14 days of an issue being raised. If the parties cannot reach agreement on such an issue, either party may present the dispute to the Court for resolution in a manner consistent with Local Rule 37.

**G. Unsearchable Documents.** To the extent documents that are within the parameters the parties agree to review do not contain text that can be searched, the Producing Party shall either manually review such documents, or identify such documents (by category, if applicable) to the Receiving Party so that the Parties can meet and confer as to whether any such documents shall be reviewed or produced.

## VI. PRIVILEGE LOG

The parties agree that the following documents need not be included on a privilege log, unless placed at issue in this Litigation:

a. Confidential communications between a Party and counsel of record in the Litigation concerning the investigation, preparation, prosecution, or defense of this Litigation;
b. Work product created by or for the counsel of record in the Litigation during the investigation, preparation, prosecution, or defense of this Litigation; and
c. Internal communications within a counsel of record's law firm or between a Party's co-counsel in connection with the investigation, preparation, prosecution, or defense of this Litigation.

An email thread from which a party claims a privilege may be logged as a single entry.

## VI. Miscellaneous Provisions

**A. Non-Party Discovery.** Any party that issues a non-party subpoena shall include a copy of this Order as part of the subpoena and shall request that the non-party produce documents in accordance with the specifications set forth in

Section II–III herein. The party issuing the non-party subpoena is responsible for producing to all other parties any documents obtained pursuant to that non-party subpoena.

**B. Meet and Confer Obligations.** No party may seek relief from the Court regarding compliance or non-compliance with this Order unless it has first met-and-conferred in good faith with other party and the parties are unable to resolve the matter without Court intervention.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

**Attorneys for Plaintiffs**

/s/ J. Barton Goplerud
J. Barton Goplerud (Iowa Bar #AT0002983)
**Shindler, Anderson, Goplerud & Weese, PC**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
goplerud@sagwlaw.com

Charles Field (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 577-4242
Facsimile: (619) 577-4250
cfield@sanfordheisler.com

Paul Blankenstein (*pro hac vice*)
Robert Van Someren Greve (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5213

Facsimile: (202) 499-5199
pblankenstein@sanfordheisler.com
rvansomerengreve@sanfordheisler.com

David Sanford (*pro hac vice*)
Alexandra Harwin (*pro hac vice*)
David Tracey (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Phone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
aharwin@sanfordheisler.com
dtracey@sanfordheisler.com

**Attorneys for Defendants**

/s/ Wilford H. Stone
Wilford H. Stone
**LYNCH DALLAS, P.C.**
526 Second Avenue SE
Cedar Rapids, Iowa 52401
Telephone: (319) 365-9101
Facsimile: (319) 365-9512
E-mail: wstone@lynchdallas.com

Brian D. Boyle (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
E-mail: bboyle@omm.com

Catalina J. Vergara (*pro hac vice*)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000

Facsimile: (213) 430-6407
E-mail: cvergara@omm.com

Randall W. Edwards (*pro hac vice*)
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
E-mail: redwards@omm.com

**IT IS SO ORDERED**

DATED: April 10, 2020

_____
Judge Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

# EXHIBIT A

The chart below describes the metadata fields to be produced in generic, commonly used terms which the producing party is to adapt to the specific types of Electronic Files it is producing, to the extent such metadata fields are included in the original electronic documents and can be customarily extracted as part of the electronic data discovery process. Any ambiguity about a metadata field is to be discussed with the receiving party prior to processing and production.

| Field Name | Description |
| --- | --- |
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODBEGATT | First Bates number of the first page in a parent/child relationship |
| PRODENDATT | Last Bates number of the last page in a parent/child relationship |
| ATTACH_COUNT | Number of attachments to an email or loose e-file with extracted children |
| PRODVOL | Name of production volume on which Electronic or Hard Copy File is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of person from whom the Electronic File was collected, reviewed, and produced. |
| DUPCUSTODIAN | Name of any additional production custodians from whom email/document was collected |
| DOCTYPE | Populate with either Hard Copy, E-Mail, Attachment, or E-Docs (i.e., loose or standalone files) |
| FROM | The Names and SMTP email addresses of all individuals included on the From line of an email or calendar item |

| TO | The Names and SMTP email addresses of all individuals included on the To line of an email or calendar item |
|---|---|
| CC | The Names and SMTP email addresses of all individuals included on the CC line of an email or Optional line of a calendar item |
| BCC | The Names and SMTP email addresses of all individuals included on the BCC line of an email |
| SUBJECT | Subject line of email |
| DATE_SENT | Date email was sent (MMDDYYYY) |
| TIME_SENT | Time email was sent (HH:MM:SS) |
| LINK | Link to native file on the media received (e.g., Excel attachment) |
| FILE_EXTEN | File extension of the email, attachment, or loose e-file |
| FILE_NAME | The file name of the email attachment or loose e-file |
| FILE_PATH | The original file path of the email or loose e-file |
| AUTHOR | The author of the loose e-file or e-file attachment |
| DATE_CREATED | The created date of the email attachment or loose e-file (MMDDYYYY) |
| DATE_MODIFIED | The last-modified date of the email attachment or loose e-file (MMDDYYYY) |
| REDACTION | Populate with Yes or No to indicate whether document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the document |
| HASH | The MD5 or SHA-1 hash value generated when processing the document |
| PASSWORD | Populate with Yes or No to indicate whether document is password protected |

# EXHIBIT B

| Field Name | Description |
|---|---|
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODVOL | Name of production volume on which document is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of person from whom the Electronic File or Hard Copy Document was collected, reviewed, and produced. |
| DOCTYPE | Populate with either Hard Copy, E-Mail, Attachment, or E-Docs (i.e., loose or standalone files) |
| REDACTION | Populate with Yes or No to indicate whether document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the document |