IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEREMY KARG; MATTHEW R. LAMARCHE; CYNTHIA K. MARSHALL; SHIRLEY RHODES; and JEANINE E. VEGA, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA CORPORATION; TRUSTEES OF THE AEGON USA, INC. PROFIT SHARING TRUST; and DOES 1–40,<br><br>        Defendants. | No. 18-CV-134-CJW-KEM<br><br>**ORDER** |

_____

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter is before the Court on plaintiffs' Unresisted Motion for Entry of Preliminary Approval of Class Action Settlement of the above-captioned action (the "Action") between plaintiffs Jeremy Karg, Matthew R. Lamarche, Cynthia K. Marshall, Shirley Rhodes, and Jeanine E. Vega ("plaintiffs"), individually and on behalf of a class of participants in the Transamerica 401(k) Retirement Savings Plan (the "Plan"), and defendants Transamerica Corporation, Trustees of the AEGON USA, Inc. Profit Sharing Trust, and Does 1–40 ("defendants"), as set forth in the parties' Class Action Settlement Agreement (the "Settlement Agreement"). (Doc. 82).

Having considered the briefing, exhibits, and other attachments submitted by plaintiffs, the Court **grants** plaintiffs' motion. In doing so, the Court states, finds, and orders as follows:

1. The Court has read and considered the Settlement Agreement (Doc. 82-2), including its Exhibits, and having heard from the parties finds that preliminarily approval of the Settlement Agreement in its entirety is appropriate. Unless otherwise defined here, all defined terms in this Order have the meanings ascribed to them in the Settlement Agreement.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that (a) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (b) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (c) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (d) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of Title 28, United States Code, Section 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by defendants or any other party.

3. On **Friday, October 8, 2021, at 10:00 a.m. CDT,** or at such other date and time later set by Court Order, in courtroom 3 of the Cedar Rapids Courthouse, 111 Seventh Avenue SE, Cedar Rapids, IA 52401, this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the Settlement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and an incentive award to plaintiffs, should

be granted, and in what amount.  The parties may attend this hearing in person, by videoconference, or by telephone.  No later than 7 days prior to the hearing, the parties are to contact the Court at Sali_vanweelden@iand.uscourts.gov to notify the Court how they plan to attend.  No later than 14 days prior to Objection Deadline, Class Counsel must file an application for attorneys' fees and expenses (to which defendants may, but are not required to, file a response), and the Incentive Award to the Class Representative.  No later than 14 days prior to Fairness Hearing, plaintiffs must file papers in support of final approval of the Settlement Agreement and in response to any written objections.  Defendants may (but are not required to) file papers in support of final approval of the Settlement Agreement, so long as they do so no later than 14 days prior to the Fairness Hearing.

4. Under the Settlement Agreement, Analytics Consulting LLC is appointed as the Settlement Administrator and will be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  Analytics Consulting LLC is additionally appointed the Escrow Agent and will be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

5. The Court approves the proposed Notice (Doc. 82-5) as a means of giving direct notice to Class Members by first-class mail or electronic mail and establishing a Settlement Website and toll-free telephone service, as more fully described in the Settlement Agreement.  The Notice, in form, method, and content, complies with the requirements of Federal Rule of Civil Procedure 23 and due process, and constitutes the best notice practicable under the circumstances.  No later than 30 calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator is to cause the Settlement Website to be published on the Internet and establish the toll-free telephone service.  No later than 40 calendar days following the entry of this Preliminary Approval

Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator must disseminate the Notice to the Settlement Agreement via first class mail or electronic mail to the Class Members and the Former Participant Rollover Form to the Settlement Agreement via first class mail or electronic mail to Class Members that are Former Participants of the Plan.

6. Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and defendants' Counsel by 60 days after the Notice is first sent to the Class Members. Any Class Member represented by counsel must file their objection through the Court's CM/ECF system and need not separately mail a copy to Class Counsel or defendants' Counsel. A Class Member who objects to the Settlement need not appear at the Fairness Hearing for their comment to be considered by the Court. All objections from Class Members must include in the written objection the Class Member's name and address; state that they are a Class Member; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature by the Class Member; and provide a statement indicating whether the Class Member intends to appear at the Fairness Hearing with or without counsel. Plaintiffs or defendants or both may take any objector's deposition or request documents from any Class Member regarding the matter, subject to Court approval.

7. Any Class Member who fails to object in the manner prescribed herein will be deemed to have waived their objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

8. Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing defendants,

the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the defendants, Released Parties, or the Plan.

9. The Settlement Agreement and the proceedings and statements made under the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and will not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (b) any liability, responsibility, fault, wrongdoing, or otherwise of the parties or a Released Party. Defendants have denied and continue to deny the claims asserted by plaintiffs. Nothing contained herein is to be construed to prevent the parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

**IT IS SO ORDERED** this 9th day of July, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

5

Case 1:18-cv-00134-CJW-KEM   Document 87   Filed 07/09/21   Page 5 of 5