IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEREMY KARG; MATTHEW R. LAMARCHE; CYNTHIA K. MARSHALL; SHIRLEY RHODES; and JEANINE E. VEGA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA CORPORATION; TRUSTEES OF THE AEGON USA, INC. PROFIT SHARING TRUST; and DOES 1–40,<br><br>Defendants. | No. 18-CV-134-CJW-KEM<br><br>**ORDER** |

_____

**ORDER APPROVING CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

This matter is before the Court on plaintiffs' Unresisted Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval") between plaintiffs Jeremy Karg, Matthew R. Lamarche, Cynthia K. Marshall, Shirley Rhodes, and Jeanine E. Vega ("plaintiffs"), individually and on behalf of a class of participants in the Transamerica 401(k) Retirement Savings Plan (the "Plan"), and defendants Transamerica Corporation, Trustees of the AEGON USA, Inc. Profit Sharing Trust, and Does 1–40 ("defendants"), as set forth in the parties' Class Action Settlement Agreement (the "Settlement Agreement"). (Doc. 95).

This matter is also before the Court on plaintiffs' Motion for Attorneys' Fees (Doc. 92) as amended by plaintiffs' Notice (Doc. 96). Defendants took no position on plaintiffs' requested attorneys' fees nor on the valuation of the prescribed nonmonetary relief. (*See* Doc. 95-1, n.1).

Having considered the briefs, exhibits, and other attachments submitted by plaintiffs, the Court **grants** both Motions.

In doing so, the Court states, finds, and orders as follows:

1. Plaintiffs, on their own behalf and on behalf of the Class and the Plan, and defendants have entered into a Settlement Agreement dated June 22, 2021, (Doc. 82–2), that provides for a complete dismissal with prejudice of all claims asserted in the Action against defendants by the Class on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

2. The capitalized terms not defined in this Final Approval Order have the same meaning ascribed to them in the Settlement Agreement (Doc. 82-2);

3. In its Preliminary Approval Order (Doc. 87), the Court, among other things, (1) preliminarily approved the Settlement; (2) directed notice to be given to the Class and approved the form and manner of the Notice; and (3) scheduled a Fairness Hearing;

4. Due and adequate notice has been given to the Class;

5. The Court conducted the Fairness Hearing on November 19, 2021, at 10:00 a.m. CST, in courtroom 3, United States Courthouse, 111 Seventh Avenue SE, Cedar Rapids, IA 52401, to consider, among other things: (1) whether the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's application for Attorneys' Fees and Expenses (Docs 92; 96) is reasonable and should be approved; (3) whether plaintiffs' requests for Service Awards are reasonable and should be approved; and (4)

whether this Final Approval Order should be entered dismissing with prejudice all claims asserted in this Action against defendants;

6. The Court reviewed and considered the Settlement Agreement (Doc. 82-2), all papers filed and proceedings held in this Action in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therein;

7. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement Agreement (Doc. 82-2), as well as personal jurisdiction over all the Parties and each of the Class Members;

8. For purposes of this Final Approval Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement. (Doc. 82-2, at 1–7);

9. The Court finds that distribution of the Court-approved Notice (Doc. 82-5): (a) was implemented in accordance with the Preliminary Approval Order (Doc. 87); (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement Agreement (Doc. 82-2) (including the releases provided for therein), of their right to object to the Settlement and appear at the Fairness Hearing, and of Class Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement Agreement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable laws and rules;

10. The Court finds that no Class Member filed objections to the Settlement;

11. The Court finds that the Settlement Agreement is approved as fair, reasonable, and adequate, under Federal Rule of Civil Procedure 23(e). The Court further finds that each and every term, provision, condition, and agreement of the Settlement Agreement is adopted, incorporated, and made part of this Judgment, as if copied herein, and shall be effective, implemented, and enforced as provided in the Settlement Agreement. (Doc. 82-2). The Parties are directed to implement, perform, and consummate the terms and provisions of the Settlement Agreement. (Doc. 82-2);

12. The Court approves service awards of **$15,000 each** for plaintiffs Jeremy Karg, Matthew R. Lamarche, Cynthia K. Marshall, Shirley Rhodes, and Jeanine E. Vega.

13. The Court approves Class Counsel's request for attorneys' fees (Doc. 92) in the amount of **$1,950,000.00** and reimbursement of litigation expenses in the amount of **$393,833.59**. (Docs. 92; 96). The Court additionally finds the costs of the Settlement Administrator and Independent Fiduciary reasonable;

14. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement Agreement; and (b) the disposition of the Settlement Fund;

15. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the claims asserted in the Action;

16. As of the Effective Date, under Federal Rule of Civil Procedure 54(b), all of the claims asserted in this Action against defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in this Order and in the Settlement Agreement, (Doc. 82-2);

17. This Order, the Preliminary Approval Order (Doc. 87), the Settlement Agreement (Doc. 82-2), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be agreed-upon by the Parties or approved by the Court), the negotiation of the Settlement Agreement and its exhibits, any papers submitted in support of approval of the Settlement, and any proceedings taken under or in connection with the Settlement Agreement or approval of the Settlement, including any arguments proffered in connection therewith: (a) will not give rise to any inference of, and will not be construed or used as an admission, concession, or declaration against any of the defendants of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) will not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement, whether affirmatively or defensively; (d) will not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken under the Settlement Agreement are for settlement purposes only;

18. Entry of Judgment. The Clerk of the Court is directed to enter this Judgment under Rule 54(b) of the Federal Rules of Civil Procedure. This case is **dismissed with prejudice.**

**IT IS SO ORDERED** this 22nd day of November, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa